| | |
|---|---|
| SHAYLA SOMMER,<br>9 CITY PLACE APT 254<br>NASHVILLE, TN 37279<br>          Plaintiff, | IN THE CIRCUIT COURT FOR<br>ANNE ARUNDEL COUNTY |
| vs. | |
| BMW OF NORTH AMERICA, LLC, and/or<br>1209 ORANGE STREET<br>WILMINGTON DE 19801 | |
| SERVE ON RESIDENT AGENT<br>THE CORPORATION TRUST,<br>INCORPORATED<br>2405 YORK ROAD<br>SUITE 201<br>LUTHERVILLE TIMONIUM 21093-2264 | CASE NO.: |
| AND | |
| CHRISTOPHER W. HNATIUK<br>2613 COMMANDER DAVIS DRIVE<br>EDGEWATER MD 21037 | |
|           Defendants. | |

## COMPLAINT

COME(S) NOW, the Plaintiff, SHAYLA SOMMER, by and through the undersigned counsel, and hereby files this complaint for damages against the above-named Defendants,

BMW OF NORTH AMERICA, LLC, and/or CHRISTOPHER W. HNATIUK, and alleges as follows:

## JURISDICTION AND PARTIES

1. This action is for damages in excess of this Court's minimum jurisdictional limits, exclusive of costs, interest and attorneys' fees.

2. Plaintiff, SHAYLA SOMMER, is a resident of Nashville Tennesee and is over the age of eighteen (18), and is otherwise *sui juris*.

3. Defendant, BMW OF NORTH AMERICA, LLC, is a Foreign Limited Liability Company authorized to conduct business in the state of Maryland with its principle place of business located at 1209 Orange Street Wilmington DE 19801.

4. Upon information and belief, Defendant, CHRISTOPHER W. HNATUIK, is a resident of the County of Anne Arundel, State of Maryland.

5. On or about March 31, 2017, Plaintiff, SHAYLA SOMMER, was driving north across the intersection of Savage Road in Jessup Maryland in Anne Arundel County, Maryland when her 2016 BMW caught on fire resulting in injury to the Plaintiff. As Plaintiff, SHAYLA SOMMER was forced to bring the faulty and defective 2016 BMW to a stop on Anne Arundel County's Route 32, a second vehicle driven by Defendant, CHRISTOPHER W. HNATIUK, plowed into the rear of her 2016 BMW resulting in injury to the Plaintiff.

6. Defendant Hnatiuk failed to maintain a proper distance from Plaintiff, and failed to operate his vehicle in a safe manner so as to avoid colliding with Plaintiff's vehicle. Defendant Hnatiuk drove the front end of his vehicle directly into the rear of Plaintiff's vehicle and failed to stop in time in order to avoid the collision.

7. Upon information and belief, Defendant, BMW OF NORTH AMERICA, LLC, designed, constructed, selected, installed materials and sold the defective subject vehicle to Plaintiff, SHAYLA SOMMER at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.

8. Upon information and belief, Defendant, CHRISTOPHER W. HNATIUK, was the owner and operator of a 2007 Toyota Sequoia motor vehicle bearing Maryland State Registration No. 04582M3, utilizing in such a manner as to cause said motor vehicle to come into collision with Plaintiff's motor vehicle.

9. Venue is proper in this Court because the facts that give rise to this cause of action occurred in Anne Arundel County, Maryland.

10. All conditions precedent to filing this lawsuit have been met or have been waived.

**FACTS COMMON TO DEFENDANT, BMW NORTH AMERICA, LLC**

11. Defendant, BMW OF NORTH AMERICA, LLC, is in the business of designing, constructing, building, manufacturing, overseeing the creation of, selecting the material for, marketing and/or selling vehicles, such as the subject vehicle. Defendant, BMW OF NORTH AMERICA, LLC, actually designed, constructed, built, manufactured, oversaw the creation of, selected the materials for, marketed, and/or sold the subject vehicle.

12. Defendant, BMW OF NORTH AMERICA, LLC, is in the business of selecting, purchasing and/or inspecting. Defendant, BMW NORTH AMERICA, LLC, actually selected, purchased and/or inspected the subject vehicle.

13. Plaintiff, SHAYLA SOMMER, relied upon Defendant, BMW OF NORTH AMERICA, LLC's, knowledge, skill, expertise, care and professionalism in designing, constructing, building, manufacturing, overseeing the creation of and selecting the material for the subject vehicle.

## COUNT I: NEGLIGENCE (BMW NORTH AMERICA, LLC)

14. Plaintiff realleges paragraphs 1 through 12, above, as if fully set forth herein.

15. Defendant, BMW OF NORTH AMERICA LLC, owed a duty to Plaintiff, to exercise reasonable care in the inspection, selection, and installation, including a duty to adequately warn of any potential problems with subject vehicle.

16. Defendants' duty included, but was not limited to, using reasonable care in properly inspecting, selecting and installing parts in the subject vehicle such that it does not contain the defects discussed herein.

17. Defendant was negligent and breached its duty to exercise reasonable care in the inspection, selection and installation of subject vehicle by failing to use reasonable care in screening, selecting, inspecting or installing in a manner to prevent subject vehicle from containing defects as set forth herein.

18. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has incurred economic damages and is entitled to recover monetary damages for the replacement of their personal property and the repair and/or replacement of subject materials.

19. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff has incurred or will incur incidental and consequential damages.

20. Defendant, knew or should have known that their wrongful acts and omissions would result in economic, incidental, and consequential damages in the manner set forth herein.

21. As a direct and proximate result of negligence, Plaintiff, has suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, loss of ability to earn money and aggravation of a

previously existing condition, if any. The losses are either permanent or continuing, and will continue in the future.

WHEREFORE Plaintiff, SHAYLA SOMMER, requests this Court enter judgment against Defendant, BMW NORTH AMERICA, LLC, for compensatory damages, post-judgment interest, taxable costs and any and all such further relief as this Court deems just and proper.

### COUNT II: STRICT LIABILITY (BMW NORTH AMERICA, LLC)

22. Plaintiff realleges paragraphs 1 through 20, above, as if fully set forth herein.

23. At all times relevant hereto, Defendant, BMW NORTH AMERICA, LLC, was in the business of designing, manufacturing, supplying, marketing, and/or selling vehicles to the general public.

24. The mechanical parts installed in the subject vehicle of Plaintiffs was placed by Defendant, BMW NORTH AMERICA, LLC.

25. Defendant knew that the subject vehicle would be used without proper inspection for defects by consumers.

26. The subject vehicle was not misused or altered by any third parties.

27. The subject vehicle was defectively manufactured, designed, inspected, tested, marketed, distributed and sold.

28. The defective manufacturing, designing, inspecting, testing, marketing, distributing, and selling of the vehicle rendered it unsafe and unreasonably dangerous for its intended use and to the Plaintiff.

29. The vehicle l is also defective and unreasonably dangerous because Defendant failed to adequately warn and instruct the Plaintiff of the defective design, inspection, testing, manufacturing, marketing, and selling of the vehicle.

30. Plaintiff was unaware of the unreasonably dangerous propensities and defective condition of the vehicle, nor could Plaintiff, acting as a reasonably prudent people discover that Defendant's vehicle was defective, as set forth herein, or perceive its danger.

31. Defendant's defective vehicle was much more dangerous and harmful than expected by the average consumer and by Plaintiff.

32. The defects in the vehicle, as well as Defendant's failure to adequately warn the Plaintiff of the defects rendered the vehicle unreasonably dangerous and was the direct and proximate cause of damages to Plaintiff.

33. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has incurred economic damages and is entitled to recover monetary damages for replacement/repair of their vehicle.

34. In addition, as a direct and proximate cause of Defendants' acts and omission, Plaintiff, has suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition, if any. The losses are either permanent or continuing, and will continue in the future.

WHEREFORE Plaintiff, SHAYLA SOMMER, requests this Court enter judgment against Defendant, BMW NORTH AMERICA, LLC, for compensatory damages, post-judgment interest, taxable costs and any and all such further relief as this Court deems just and proper.

**COUNT III – BREACH OF IMPLIED & EXPRESS WARRANTIES – IMPLIED & EXPRESS WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE**
**(BMW)**

35. The preceding and subsequent paragraphs are incorporated as if fully set forth herein.

36. Defendant BMW is in the business of manufacturing automobiles.

37. Plaintiff purchased a BMW in 2016.

38. Defendant BMW is engaged in the business of manufacturing automobiles.

39. At the time of the Plaintiff's purchase of the BMW, Defendant BMW expressly and impliedly warranted to Plaintiff that the automobile was merchantable and fit for the particular purpose intended, namely, to operate in a safe and reliable manner and not spontaneously burst into flames.

40. Maryland's UCC provisions dealing with implied warranties apply to the sale of consumer goods.

41. Defendant BMW held itself out to the public as possessing superior knowledge and skill in the manufacture, supply, installation, and maintenance of manufacturing safe and reliable automobiles.

42. Plaintiff relied on this superior knowledge and skill in selecting a BMW to purchase.

43. Once the Defendants repeatedly made false allegations that Bolton was violating the court's order and leaving her home, Plaintiff learned the Defendants' monitoring equipment and support services were severely defective.

44. As a result of Defendant's breaches of implied and express warranties of merchantability and fitness for a particular purpose, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant BMW:

A. Awarding the Plaintiff compensatory damages in excess of $75,000.00; and

B. Awarding the Plaintiff post-judgment interest on the verdict, at the standard legal rate for such post-judgment interest; and

C. Awarding the Plaintiff the costs of this action including reasonable attorneys fees; and in addition,

D. Granting such other and further relief as the Court may deem just and proper.

### COUNT IV NEGLIGENCE (CHRISTOPHER W. HNATIUK)

45. Plaintiff realleges paragraphs 1 through 33, above, as if fully set forth herein.

46. The collision, and the injuries and damages resulting therefrom, occurred as the result of the careless, reckless, and negligent conduct of the Defendant, in the operation and ownership of Defendant's motor vehicle.

47. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has incurred economic damages and is entitled to recover monetary damages for replacement/repair of their loss.

48. In addition, as a direct and proximate cause of Defendants' acts and omission, Plaintiff, has suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, loss of ability to earn money and aggravation of a previously existing condition, if any. The losses are either permanent or continuing, and will continue in the future.

WHEREFORE Plaintiff, SHAYLA SOMMER, requests this Court enter judgment against Defendant, CHRISTOPHER W. HNATIUK, for compensatory damages, post-judgment interest, taxable costs and any and all such further relief as this Court deems just and proper.

### COUNT V: NEGLIGENCE/STATUTORY (CHRISTOPHER W. HNATIUK)
### (Plead in the Alternative)

49. Plaintiff adopts by reference the preceding and subsequent Paragraphs and incorporate them as if fully re-alleged herein and further alleges:

50. At all times material hereto, Defendant Hnatiuk was in violation of the MD CODE ANN., TRANSP. § 21-801 by failing to drive his vehicle at a reasonable and prudent speed and by failing to control his speed to avoid a collision with Plaintiff's vehicle.

51. At all times material hereto, Defendant Johnson was in violation of the MD CODE ANN., TRANSP. § 21-901.1 by driving in a negligent and/or reckless manner, failing to control the speed of the vehicle he was driving as necessary to avoid colliding with Plaintiff.

52. Defendant's violation of MD CODE ANN., TRANSP.§21-801 and/or 21-901.1 was the proximate cause of the injury and damages to Plaintiff Joseph Schweitzer.

53. At all times material hereto, Plaintiff has been a member of the class of persons that MD CODE ANN., TRANSP. § 21-801 and §21-901.1 were designed to protect.

54. Plaintiff's injuries were of the type that MD CODE ANN., TRANSP. § 21-801 and §21-901.1 was designed to prevent. Defendant's conduct was of the type that MD CODE ANN., TRANSP. § 21-801 and §21-901.1 was designed to prevent.

55. As a direct and proximate result of Defendant's violation of MD CODE ANN., TRANSP. 21-801 and §21-901.1, without any negligence on the part of Plaintiff, Plaintiff was caused to suffer severe, painful, and permanent injuries about her head, neck, back, body, shoulder, ribs, limbs and extremities, was caused to seek medical care and attention for her injuries, with additional pain and suffering, suffered shock to her nerves and nervous system, mental anguish and emotional distress, and was otherwise physically, emotionally, mentally, and economically injured and damaged.

56. As a direct and proximate result of Defendant Packer's violation of MD CODE ANN., TRANSP. § 21-801 and §21-901.1, the Plaintiff has incurred past medical expenses, lost wages, pain and suffering, mental anguish and emotional distress, property damage, loss of use, and loss of personal property, and will or may have future medical expenses and lost wages.

WHEREFORE, Plaintiff requests that the Court grant judgment in her favor against Defendant Hnatiuk in the amount in excess of Seventy-Five Thousand for monetary damages, compensatory

damages plus pre and post-judgment interest, the costs of this suit, and such other relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 30th day of March, 2020.

Tony N. Garcia, Esquire
CPF No. 9506210144
Bates & Garcia, LLC
201 N. Charles Street. Ste 1900
Baltimore, MD 21202

Michael Glass, Esquire
CPF No. 9106200098
Law Office of Michael Glass
201 N. Charles Street Ste 1900
Baltimore, MD 21202

Willie E. Gary, Esq
Gary, Williams, Parenti
Watson & Gary, P.L.L.C
221 E. Osceola Street
Stuart, Florida 34994
Pending Pro Hac Admission