IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAYLA SOMMER, | * | |
| Plaintiff, | * | |
| v. | * | |
| BMW OF NORTH AMERICA LLC & CHRISTOPHER W. HNATIUK, | * | Civil Action No. RDB-20-3027 |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Shayla Sommer ("Sommer" or "Plaintiff") filed suit against Defendants BMW of North America, LLC ("BMW") and Christopher W. Hnatiuk ("Hnatiuk") on March 30, 2020 in the Circuit Court for Anne Arundel County, Maryland. *See* Case No. C-02-CV-20-000996. Sommer is a resident of Tennessee. (ECF No. 4 ¶ 2.) Defendant BMW is a limited liability company whose sole member is BMW (US) Holding Corporation, a Delaware corporation whose principal place of business is located in New Jersey. (ECF No. 1.) Defendant Hnatiuk is a resident of Anne Arundel County, Maryland. (ECF No. 4 ¶ 4.) On October 19, 2020, one day prior to service of Defendant Hnatiuk, Defendant BMW removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332. (ECF No. 1.) Plaintiff Sommer now seeks to remand the case, arguing that removal of this action was improper under the forum defendant rule, as Hnatiuk is a citizen of Maryland. (ECF No. 11.) For the reasons

1

that follow, Sommer's Motion to Remand (ECF No. 11) is GRANTED, and this case will be remanded to the Circuit Court for Anne Arundel County, Maryland for further proceedings.

## BACKGROUND

The facts are viewed in the Plaintiff's favor as the Defendant BMW, the removing party, bears the burden of demonstrating that removal to this Court is proper. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008). Sommer is a resident of Nashville, Tennessee. (ECF No. 4 ¶ 2.) Defendant BMW is a Foreign Limited Liability Company authorized to conduct business in the state of Maryland with its principal place of business in Delaware. (*Id.* ¶ 3.) The sole member of Defendant BMW is BMW (US) Holding Corporation, a Delaware corporation whose principal place of business is located in New Jersey. (ECF No. 1.) Defendant Hnatuik is a resident of Anne Arundel County, Maryland. (ECF No. 4 ¶ 4.)

The Plaintiff alleges that on or about March 31, 2017, she was driving north on Route 32 across the intersection of Savage Road in Jessup Maryland in Anne Arundel County when her 2016 BMW caught on fire. (*Id.* ¶ 5.) As she brought the vehicle to a stop, a second vehicle driven by Hnatiuk ran into the rear of her BMW. (*Id.*) In this suit, Sommer seeks damages for her injuries. Her Complaint alleges negligence, strict liability, and breach of implied and express warranties against Defendant BMW. (*Id.* ¶¶ 14-44.) She alleges both common law and statutory negligence against Defendant Hnatiuk. (*Id.* ¶¶ 49-56.)

On March 30, 2020, Plaintiff Sommer filed a Complaint in the Circuit Court for Anne Arundel County, Maryland against Defendants BMW and Hnatiuk. (ECF No. 4.) On April 3, 2020, the court issued summons. (ECF No. 1 ¶ 2 (citing ECF No. 1-2).) In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations*

*Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020).  According to the Plaintiff, her ability to serve the Defendants following the filing of the Complaint on March 30, 2020 was "greatly hindered with the shutdown of courts and stay at home orders in place."  (ECF No. 11-1.)  The court re-issued one or more summons on September 25, 2020.  (ECF No 1 ¶ 2 (citing ECF No. 1-2).)  On October 13, 2020, Sommer filed in the Circuit Court for Anne Arundel County a return of service on Corporation Trust, resident agent for BMW.  (ECF No. 1 ¶ 3 (citing ECF No. 1-2).)  On October 19, 2020, one day prior to the service of Defendant Hnatiuk, BMW filed a Notice of Removal.  (ECF No. 1.)  On October 20, 2020 Defendant Hnatiuk was served. (ECF No. 11-1 ¶ 4.)  On or about October 23, 2020, Sommer was provided with written notice of removal.  (*Id.* at 4.)

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims.  28 U.S.C. § 1441(a)-(c).  Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective.  28 U.S.C. § 1447(c).  The party seeking removal bears the burden of establishing jurisdiction in the federal court.  *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008).  On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).  This Court is a court of limited jurisdiction.  *Mayor & City Council of Baltimore*

*v. BP P.L.C.*, 388 F. Supp. 3d 538, 560 (D. Md. 2019) (as amended June 20, 2019), *aff'd*, 952 F.3d 451 (quoting E*xxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

## ANALYSIS

A diversity case is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This requirement is often referred to as "the forum defendant rule." In the United States Court of Appeals for the Fourth Circuit, "the general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language . . . ." *Hillman v. IRS*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)) (the "plain meaning rule"). However, there are two exceptions to the Fourth Circuit's application of the plain meaning rule: when literal application of the statute results in (1) absurdity, or (2) an outcome at odds with clearly expressed congressional intent. *RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra Corp.)*, 361 F.3d 257, 265 (4th Cir. 2004).

In *Robertson v. Iuliano*, this Court denied a motion to remand where a defendant removed a case prior to service on any of the defendants. No. RDB-10-1319, 2011 WL 453618 (D. Md. Feb. 4, 2011). Despite the fact that three of the defendants were Maryland corporations, this Court found that under the plain text of § 1441(b)(2), removal was proper because at the time of removal, none of the defendants had been "properly joined and served." *Id.* at *3. However, federal courts remain split on this issue of whether the forum defendant rule prohibits pre-service removal. Since this Court's decision in *Robertson*, there have been further developments on this question. While the Fourth Circuit has not yet addressed the issue, the United States Courts of Appeals for the Second and Third Circuits have embraced a literal

reading of § 1441(b)(2), as this Court did in *Robertson*.  *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018).  However, the United States Court of Appeals for the Eleventh Circuit has aptly noted that a literal reading of § 1441(b)(2) is at odds with the purpose of the forum defendant rule.  *See Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014).  Several Judges of this Court have followed the Eleventh Circuit's lead.  *See, e.g.*, *Teamsters Local 677 Health Services & Ins. Plan v. Friedman*, No. CCB-18-3868, 2019 WL 5423727 (D. Md. Oct. 23, 2019); *Alfasigma USA, Inc. v. Exegi Pharma, LLC et al.*, No. TDC-19-1180, ECF No. 26 at 6-7 (D. Md. Oct. 15, 2019); *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 726 (D. Md. 2017); *Caillouet v. Annapolis Yacht Co. LLC*, No. ELH-16-1698, 2016 WL 8737484, at *7 (D. Md. Aug. 5, 2016); *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015).

In *Medish*, Chief Judge Bredar of this Court explained that "[p]laintiffs are generally able to choose their preferred forum, and the forum defendant rule serves to prevent an in-state defendant, who does not face regional discrimination from their state courts, from stymieing a plaintiff's choice of state court forum." 272 F. Supp. 3d at 724.  This is consistent with the basic purpose of diversity jurisdiction namely, "to 'give a citizen of [a foreign] state access to an unbiased court to protect him from parochialism.'" *Id.* (citing *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)).  However, the rule not only protects plaintiffs seeking a neutral forum for their claims—the statute was also written to provide some protection to defendants.  The words "properly joined and served" in the language of § 1441(b)(2) were added "to prevent gamesmanship" by plaintiffs.  *Id.* at 725.  "The language is designed 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the

5

plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Id.* (quoting *Goodwin*, 757 F.3d at 1221 (11th Cir. 2014) (internal citation omitted)).

In consideration of these underlying purposes of the forum defendant rule and its text, Judge Bredar asked whether the plaintiffs in that case were engaged in some form of "gamesmanship." *Id.* He found that the forum defendants were not "inconsequential parties that [the plaintiffs] joined simply to defeat removal." *Id.* He also noted that the plaintiffs had not "sat on their hands" with respect to service, noting that the removing defendant filed the notice of removal on the same day a forum defendant was served. *Id.* To rule that removal was proper would allow for and incentivize "docket trolling," whereby defendants could "take advantage of a loophole in the forum defendant rule," and "would cut against the proposition that plaintiffs are generally permitted to choose their preferred forum." *Id.* at 726 (citing *Caillouet*, 2016 WL 8737484, at *7 and *Oxendine v. Merck. & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002)). In sum:

> [S]o long as defendants stay on top of the docket, the forum defendant rule [if read literally,] would have no effect in practice. Out-of-state plaintiffs could effectively be precluded from suing defendants in the defendants' home state courts. The propriety of retaining a case in federal court jurisdiction cannot hinge on something as irrelevant to the purpose of the forum defendant rule as winning a race.

*Id.* at 726-27. Judge Bredar determined that he would "side[ ] with those decisions reading Section 1441(b)(2) more functionally." *Id.*

A couple years later, Judge Blake of this Court did the same, noting that "taken to its logical end, a literal reading of § 1441(b)(2) would render the forum defendant rule meaningless." *Teamsters Local 677*, 2019 WL 5423727, at *3. She continued, stating that "a literal reading of the statute, which effectively rewards docket monitoring and the ability to

6

take swift legal action, privileges sophisticated litigants over those perhaps unfamiliar with the peculiarities of federal jurisdiction. Such an embedded preference cannot have been the goal of Congress when drafting § 1441(b)(2)." *Id.* at *4. The undersigned judge will now follow the well-reasoned decisions of the others judges of this Court and hold that "[a] functional interpretation of § 1441(b)(2) better promotes its purpose of preventing gamesmanship." *Id.* at *4 (citing *Medish*, 272 F. Supp. 3d at 726 and *Caillouet*, 2016 WL 8737484 at *6-7).

The record in this case provides no evidence of gamesmanship by Sommmer. Defendant Hnatiuk is clearly not an "inconsequential party" given Sommer's allegations that the collision of his vehicle caused her "to suffer severe, painful, and permanent injuries about her head, neck, back, body, shoulder, ribs, limbs, and extremities," as well as emotional and mental anguish and distress. (ECF No. 4 ¶ 55.) Further, while there was a delay between the Plaintiff's initial filing of the Complaint and the eventual service of both Defendants in this case, this Court is sympathetic to the difficulties caused by the COVID-19 pandemic. Once summons were re-issued, Sommer worked to promptly serve the defendants within the required period. Further, when BMW removed the case one day prior to service of forum defendant Hnatiuk, BMW did not immediately provide written notice to Plaintiff Sommer. (ECF No. 11-1 at 4.) By the time the Plaintiff did receive the Notice of Removal on or about October 23, 2020, Defendant Hnatiuk had been properly joined and served. If any gamesmanship was at play in this case, it does not appear to have been at the hands by the Plaintiff.

## CONCLUSION

"Mindful of its responsibility to 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction,'" *Teamsters Local 677*, 2019 WL 5423727, at *4 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 299, 232 (4th Cir. 1993)), this Court holds that the forum defendant rule precludes removal to the federal court in this case.  Accordingly, it is HEREBY ORDERED this 11th Day of May, 2021 that:

1. Plaintiff Sommer's Motion to Remand (ECF No. 11) is GRANTED;

2. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court for Anne Arundel County, Maryland for further proceedings;

3. The Clerk of the Court shall CLOSE THIS CASE; and

4. The Clerk of the Court shall transmit a copy of this Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge